IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| DANIEL RAYMOND TORRES,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CR. NO. 12-00825 DKW<br>CV. NO. 16-00610 DKW-KJM<br><br>**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

**INTRODUCTION**

On November 13, 2013, Petitioner Daniel Raymond Torres pled guilty to, and was sentenced to 151 months imprisonment for, one count of distributing 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Relying on 28 U.S.C. § 2255, Torres now seeks to vacate and reduce his sentence based upon the application of California Proposition 47, the Safe Neighborhoods and Schools Act, Cal. Penal Code § 1170.18, which, in 2016, enabled him to reclassify three California felony theft convictions from the 1990s to misdemeanors. Because Torres already completed his sentences for the three reclassified state convictions, however, he is not eligible for a reduction of his federal sentence under Proposition 47. Nor would his current request to recalculate his criminal history

score under the sentencing guidelines provide him the relief he presently seeks. Accordingly, after careful consideration of Torres' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion"), the record, and the relevant legal authority, the Section 2255 Motion is DENIED.

## BACKGROUND

**I.      Indictment And Guilty Plea**

Torres was charged in a two-count Indictment on August 2, 2012 with (1) conspiracy to distribute and to possess with intent to distribute 50 grams or more of methamphetamine on January 19, 2012, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (Count I); and (2) distribution of 50 grams or more of methamphetamine on January 17, 2012, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count II).   Dkt. No. 4 (8/2/12 Indictment).   There was also an associated criminal forfeiture allegation.   He was arrested on August 19, 2012 and detained pending trial.   Dkt. No. 16 (Arrest Warrant); Dkt. No. 19 (9/7/12 Detention Order).

On May 21, 2013, Torres pled guilty to Count II of the Indictment, pursuant to a plea agreement, before United States District Judge Leslie E. Kobayashi.   Dkt. No. 42 (5/21/13 Court Minutes); Dkt. No. 43 (5/21/13 Memorandum of Plea Agreement).   At the change of plea hearing, the court accepted Torres' plea of guilty and deferred acceptance of the plea agreement until after preparation of a

Presentence Report ("PSR"), and the Government agreed to dismiss Count I at the time of sentencing. *Id.* On August 19, 2013, the case was reassigned to this Court. Dkt. No. 44 (8/19/13 Order of Reassignment).

## II. Sentence And Post-Sentencing Relief

### A. 2013 Sentencing

On November 13, 2013, this Court sentenced Torres to a term of imprisonment of 151 months together with five years of supervised release. Dkt. No. 58 (11/13/13 Court Minutes). At the sentencing hearing, the Court accepted the plea agreement and granted the Government's oral motion to dismiss Count I. Dkt. No. 38 (11/13/13 Court Minutes); Dkt. No. 59 (11/18/13 Judgment). After granting the Government's request for a one-level timely plea adjustment under U.S.S.G. § 3E1.1(b), and considering Torres' allocution, along with counsels' arguments, the Court sentenced Torres at the bottom of the guidelines range of 151 to 188 months (offense level 29, criminal history category VI). Dkt. No. 38 (11/13/13 Court Minutes); Dkt. No. 59 (11/18/13 Judgment); *see also* PSR at 6, 13, 25, Dkt. No. 60.

### B. 2015 Motion For Reduction Of Sentence

On October 14, 2015, the Court reduced Torres' term of imprisonment from 151 to 130 months, granting his motion for reduction of sentence pursuant to 18

U.S.C. § 3582(c)(2) for retroactive application of Amendment 782.  Dkt. No. 61.  That order took effect on November 1, 2015.  *Id.*

**III.   Section 2255 Motion**

Torres timely filed his Section 2255 Motion on November 7, 2016.  Dkt. No. 63.  The sole ground for relief asserted is that "the passing of California's Proposition 47 by law re-classified three of [Torres'] California Convictions from Felonies to Misdemeanors."[1]  Section 2255 Motion at 4.  In support, Torres attached three minute orders from the Superior Court of California, County of Orange, each granting his petition pursuant to Proposition 47 to reclassify a felony violation to a misdemeanor.  *See* Section 2255 Motion, Ex. 1 (4/25/16 Minute Order); Ex. 2 (4/21/16 Minute Order); Ex. 3 (8/2/16 Minute Order).  The United States verified and confirmed that Torres' California state felony convictions in 1996 (Case No. 96HF0175), 1997 (Case No. 96HF1152), and 1999 (Case No. 99HF0102) were reclassified as misdemeanors.  *See* Mem. In Opp'n at 5-6 n.2, Dkt. No. 69.

---

[1] Proposition 47 was passed on November 4, 2014, and the California state court reclassified Torres' three felony convictions as misdemeanors on April 8, 2016 and May 12, 2016.  *See* Section 2255 Motion at 10, Exs. 1-3.  Torres thus presents facts supporting his claim that could not have been discovered earlier through the exercise of due diligence, and petitioned this Court, pro se, within one year of the time his prior felony convictions were reclassified in April and May of 2016.  *See* 28 U.S.C. § 2255(f)(4).

Torres asks the Court to "re-open" his federal sentence because "the State sentence was used to increase the Federal Sentence [and the state sentence] was successfully removed after the Federal Sentence was imposed." Section 2255 Motion at 4. He requests that the Court "re-sentence [him] with a proper calculation under the Sentencing Guideline[s] minus the Three previous[ly] used Felony Convictions." Section 2255 Motion at 12. In his Reply brief, Torres reiterates that he "has had [three] of his prior state sentences removed," and therefore "there is no argument that Petitioner does not have [three] prior felony convictions that were used to increase [his] federal sentence[.]" Reply at 2, Dkt. No. 72. Torres asks the Court to "order a new PSR" because his "old PSR does not reflect the fact that he no longer has [three] of his previous felony convictions." *Id.*[2]

## STANDARD OF REVIEW

Under Section 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). The statute authorizes the sentencing court to grant relief if it concludes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court

---

[2]The PSR assigned three criminal history points for each of Torres' three California state felony convictions that were subsequently reclassified as misdemeanors under California law, including his 1996 conviction for grand theft (Case No. 96HF0175); his 1997 conviction for burglary and grand theft (Case No. 96HF1152); and his 1999 conviction for grand theft (Case No. 99HF0102). *See* PSR at ¶¶ 38, 40-41.

was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" *Id.*

In addition, the Court shall hold an evidentiary hearing on a petitioner's motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). The standard for holding an evidentiary hearing is whether the petitioner has made specific factual allegations that, if true, state a claim on which relief could be granted. *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984). In other words, "[a] hearing must be granted unless the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *Id.*

## DISCUSSION

**I.  Torres Is Not Entitled To Relief Under Section 2255 Based Upon The Reclassification Of His State Felony Convictions Pursuant to California Proposition 47**

Although Torres successfully reclassified three of his California felony convictions to misdemeanors in 2016, his Section 2255 Motion falls short for several reasons. First, the Ninth Circuit has rejected the application of Proposition 47 to Section 2255 motions seeking a federal sentencing reduction, holding that it does not work to convert a defendant's felony conviction into a misdemeanor as a matter of

6

federal law.  Second, because Torres already completed his sentences for the three reclassified state felonies, he is not eligible for a reduction of his federal sentence under Proposition 47.  Third, although Torres seeks a new PSR for the purpose of "removing the three felony convictions" in order to recalculate his criminal history score, there is no reason to believe that a new PSR would alter his current sentence.  Because Torres is not entitled to the relief he seeks, his Section 2255 Motion is denied.

### A. <u>Proposition 47's Effect On Federal Sentences</u>

Proposition 47 reclassified as misdemeanors certain drug- and theft-related offenses that had previously been designated as either felonies or wobblers (crimes that can be punished as either a misdemeanor or a felony).  Proposition 47 also permitted previously-convicted defendants to petition the state courts for a "recall of sentence," which, if granted, would effectively reclassify their qualifying felonies as misdemeanors.  *United States v. Diaz,* 838 F.3d 968, 971 (9th Cir. 2016), *cert. denied sub nom. Cruz v. United States*, No. 16-7240, 2017 WL 276252 *and Vasquez v. United States*, No. 16-7259, 2017 WL 276254 (Jan. 23, 2017) (citing Cal. Penal Code § 1170.18(a)).[3]

---

[3]California voters enacted Proposition 47 in November 2014.  Cal. Penal Code § 1170.18 (codifying Proposition 47); *see also People v. Rivera*, 233 Cal.App.4th 1085, 183 Cal.Rptr.3d 362, 363 (2015).

In *Diaz*, the Ninth Circuit interpreted Proposition 47 as "offering post-conviction relief by reclassifying certain past felony convictions as misdemeanors," but held that it "does not undermine a prior conviction's felony-status for purposes of [21 U.S.C.] § 841." 838 F.3d at 975. *Diaz* reasoned that "a state making a change to a state conviction, after it has become final, 'does not alter the historical fact of the prior state conviction' becoming final—which is what § 841 requires" for a mandatory sentence enhancement under U.S.S.G. § 4B1.1. *Id.* at 974 (citations omitted).

Significantly, *Diaz* holds that, "even if California decided to give Proposition 47 retroactive effect for purposes of its own *state* law, that would not retroactively make [the defendant's] felony conviction a misdemeanor for purposes of *federal* law." *Id.* at 975. *Diaz* thus forecloses relief under Section 2255 where a defendant seeks federal resentencing based upon reclassification of state felonies as misdemeanors pursuant to Proposition 47. *See, e.g., United States v. Vazcones*, 2017 WL 1321309, at *3 (S.D. Cal. Apr. 7, 2017) ("Defendant's claim fails under *United States v. Diaz*, 838 F.3d 968 (9th Cir. 2016), in which the Ninth Circuit held that Proposition 47 does not retroactively make a defendant's felony conviction a misdemeanor for purposes of federal law.");*United States v. Menchaca*, 2017 WL 475324, at *4-*5 (N.D. Cal. Feb. 6, 2017) ("Even if defendant demonstrated that one of the predicate felony convictions underlying his career offender status was reduced

8

to a misdemeanor under state law, the holding of *Diaz*, that reclassification pursuant to Proposition 47 does not apply retroactively for purposes of a federal sentencing enhancement, controls."); *Perez v. United States*, 2017 WL 108037, at *2 (D. Utah Jan. 11, 2017) ("The Tenth Circuit has held that even where a state has expunged a prior conviction, the conviction remains relevant to a determination of whether a defendant has a prior conviction under § 841(b).").

Accordingly, the reclassification of Torres' felony theft convictions under *state* law does not retroactively convert any felony to a misdemeanor for purposes of *federal* law, and his present claim is foreclosed by *Diaz*. Torres fails to establish that he is entitled to relief on this basis alone.

### B. Torres Is Not Eligible For Relief Because He Completed His State Court Sentences

Additionally, because Torres already completed his sentences for the three reclassified state felonies, he is not eligible for a reduction of his federal sentence based upon Proposition 47.

Proposition 47 provides distinct forms of relief for persons who are currently serving time for an offense compared to persons—such as Torres—whose sentences are completed. "A person *currently serving a sentence* for a conviction . . . who would have been guilty of a misdemeanor . . . had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered

the judgment of conviction in his or her case to request resentencing[.]" Cal. Penal Code § 1170.18(a) (emphasis added). By contrast, "[a] person *who has completed his or her sentence* for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." *Id*. § 1170.18(f) (emphasis added). Torres falls under the latter category and had his convictions reclassified as misdemeanors, rather than "recalled."

Although his California felony theft convictions have now been designated as misdemeanors, Torres completed his sentences for these crimes well before he was sentenced for the current federal offense on November 13, 2013. The reclassification of Torres' state convictions after the completion of those sentences does not permit him to obtain a resentencing in this Court for his federal crime. *See Bogan v. United States*, 2016 WL 948742, at *3 (N.D. Cal. Mar. 14, 2016) (Denying section 2255 motion, holding that "[a]lthough California has now determined that his controlled substance offense was a misdemeanor, Proposition 47 does not permit him to obtain a resentencing once his sentence is complete."); *United States v. Bakhchadjian*, 2015 WL 6697231, at *2 (C.D. Cal. Nov. 3, 2015) (finding that Proposition 47 did not alter a petitioner's federal sentence, where the petitioner

10

sought a misdemeanor re-designation on a sixteen-month state court sentence that he had already served).

The Section 2255 Motion therefore fails for this additional reason.

### C.     Reclassification Does Not Impact The Guidelines Range

In his Reply, Torres states that "the Court should order a new PSR to properly reflect [his] current correct misdemeanor convictions and remove said prior felony cited convictions from [his] current PSR that the [Bureau of Prisons] is currently using as [its] official record to which it is the only record it consider[s] official in compiling a classification score or history in the classification of an inmate." Reply at 2. Torres argues that Proposition 47 applies retroactively—meaning that this Court must treat each of his three prior convictions as if it was never a felony to begin with. He maintains that "[w]ith the [three] new misdemeanor convictions instead of the old felony convictions it effects [his] guideline[s] and criminal history score and classification." Reply at 2.

Proposition 47 does not operate in the retroactive manner that Torres claims with respect to the guidelines. Notably, the drafters of the sentencing guidelines "were aware that subsequent events could supersede or change a previous state conviction. In fact, the Guidelines do give retroactive effect to certain subsequent changes to prior convictions for the purposes of determining career-offender status."

*Gonzalez-Soto v. United States*, 2017 WL 838215, at *3 (S.D. Tex. Mar. 2, 2017).[4]
But nowhere do the guidelines or the application notes carve out an exception for reclassifying a felony as a misdemeanor. *See id.* In sum, the guidelines' "plain text demonstrates that Proposition 47 does not retroactively affect" Torres' criminal history score. *Id.*

Torres, moreover, does not explain how his reclassification would impact his criminal history score under the sentencing guidelines. As noted above, under Ninth Circuit precedent, even if Proposition 47 had retroactive effect for the purpose of California law, "that would not make [Torres'] felony conviction a misdemeanor for purposes of a federal statute." *Diaz*, 838 F.3d at 975. In any event, criminal history scores are generally affected by the age of a particular conviction and sentence, as well as by the length of sentence received. *See* U.S.S.G. §§ 4A1.1 and 4A1.2(e).[5] Although Torres believes that he no longer has "three prior felony convictions that were used to increase [his] federal sentence," Reply at 2, that is simply not the case under *federal law*. The guidelines do not rely on state law

---

[4]For example, convictions that are later reversed, vacated, or invalidated because of errors of law or newly discovered exonerating evidence are not counted. U.S.S.G. § 4A1.2 cmt. n.6. Similarly, expunged convictions are excluded. *Id*. at § 4A1.2(j). *See also Gonzalez-Soto*, 2017 WL 838215, at *3.

[5]According to the Government, even assuming Torres' claim had merit, there would be no change in Torres' criminal history score. That is because, with a criminal history score of 19—criminal history category VI—a reduction of Torres' criminal history score based on the reclassifications would yield a score of 13. *See* Mem. In Opp'n at 11 n.4. A score of 13 would still leave Torres in criminal history category VI, and the applicable guidelines would likewise remain unchanged. *See id*. at 11 (citing U.S.S.G. Chapter 5, Part A (Sentencing Table)).

12

definitions of a felony or misdemeanor. Instead, the guidelines employ their own definition of felony for the purposes of calculating the criminal history category. *See* U.S.S.G. § 4A1.2(o).[6]

Torres presents no sufficient basis for this Court to order a new PSR or to resentence him based upon the reclassification of his prior state convictions. The Section 2255 Motion is accordingly denied.

## II. No Evidentiary Hearing Is Required

The Court is required to hold an evidentiary hearing on a Section 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). As detailed above, Torres' claim based upon the application of Proposition 47 lacks merit. The issues raised here can be conclusively decided on the basis of the evidence in the record, and there is no reason to conduct an evidentiary hearing on this motion. *See, e.g.*, *United States v. Mejia–Mesa,* 153 F.3d 925, 929 (9th Cir. 1998).

---

[6]Reclassifying the prior offenses as misdemeanors does not change the fact that Torres had three prior sentences, each over one year and one month in duration. As noted in the PSR, Torres served sentences of imprisonment for the three reclassified state-court felonies of: (1) 180 days, plus an additional two years, 90 days based upon probation revocations; (2) two years; and (3) one year, four months. *See* PSR ¶¶ 38, 40-41. Each of these was a prior sentence of incarceration exceeding one year and one month under U.S.S.G. § 4A1.1(a), resulting in three criminal history points each. Moreover, under U.S.S.G. § 4A1.2(o), a "felony offense" is an offense punishable by imprisonment of more than a year. Thus, even if the offenses Torres was convicted of in California were always misdemeanors under California law, each of those three sentences would still give him a "felony" and three criminal history points each under the guidelines. Accordingly, he fails to demonstrate any impact the reclassification of his state offenses would have on his criminal history score under the guidelines.

## III. A Certificate Of Appealability Is Denied

In denying his Section 2255 Motion, the Court must address whether to grant Torres a Certificate of Appealability ("COA"). *See* R. 11(a), Rules Governing Section 2255 Proceedings. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met only when the applicant shows that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. MacDaniel,* 529 U.S. 473, 483–84 (2000) (internal quotation marks omitted). Based on the above analysis, the Court finds that reasonable jurists could not find the Court's rulings debatable as to any of the claims raised by Torres. *See, e.g., Bogan*, 2016 WL 948742, at *5 (denying COA where petitioner sought a reduction of his federal sentence—based upon a lower criminal history category—following reclassification of a state crime from felony to misdemeanor under Proposition 47). Accordingly, the Court DENIES the issuance of a COA.

## CONCLUSION

For the foregoing reasons, the Court DENIES Torres' Section 2255 Motion and DENIES a COA. The Clerk of the Court is directed to enter judgment in favor of the United States and close the case file.

IT IS SO ORDERED.

DATED: May 10, 2017 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Torres v. United States*, CR. NO. 12-00825 DKW; CV. NO. 16-00610 DKW-KJM; **ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**